PER CURIAM.
Michael Pruitt appeals a final order denying his motion for post conviction relief pursuant to rule B.850, Florida Rules of Criminal Procedure. The motion alleges two grounds for relief: (1) the plea was involuntary because Pruitt was not advised that he would have or could have been sentenced to 30 years, but instead he relied on assurances from his attorney and the scoresheet which indicated a guideline sentence range of 12 to 17 years with a recommended sentence of 15 years; and (2) the defense counsel was ineffective in several respects, including failing to advise Pruitt that the initial scoresheet was not the one used for sentencing, failing to advise Pruitt that he could withdraw his guilty plea when Pruitt told the attorney of his disapproval of the 30-year sentence, failing to prepare any defense from the outset of the proceedings, conspiring with the state to trick Pruitt into pleading guilty by amending the guideline scoresheet before sentencing and subsequent to the entry of the guilty plea, and refusing to provide Pruitt with any information or documentation concerning the case after sentencing. On June 8, 1993, the circuit court entered an order which denied the motion, finding that “the written plea agreement signed, by the defendant indicates a permitted guideline range of 17-40 years.” However, the circuit court failed to attach to the order a copy of the plea agreement or other record documents that conclusively show that Pruitt is entitled to no relief, as required by rule 3.850. Fla.R.Crim.P. 3.850(d). Therefore, we remand this cause with directions to attach those portions of the files and records conclusively showing that Pruitt is entitled to no relief on this ground or, if the record does not conclusively contradict those allegations, to conduct an eviden-tiary hearing on this issue.
REVERSED and REMANDED.
ZEHMER, C.J., and ERVIN and WEBSTER, JJ., concur.